## City of Hillsboro, Appellee, v. J. W. Spangler, Appellant.

CITIES, VILLAGES AND TOWNS—*when ordinance does not become effective.* An ordinance which is neither approved nor vetoed within five days after its presentation to the mayor, does not thereby become effective; the mayor is not required to exercise his prerogative until the first regular meeting of the council occurring after the expiration of the five days, and a prior publication of such an ordinance is unauthorized.

Action commenced before justice of the peace. Appeal from the Circuit Court of Montgomery county; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1908. Reversed. Opinion filed November 17, 1908.

JETT & KINDER, for appellant.

LANE & COOPER and F. M. RAMEY, City Attorney, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

This was a proceeding commenced by the City of Hillsboro against J. W. Spangler, in which Spangler was charged with maintaining a nuisance contrary to an ordinance of said city forbidding the keeping, for service, of any stallion or jack within certain territory described in said ordinance. There was a trial had before a jury in the Circuit Court of Montgomery county which resulted in a verdict finding Spangler guilty of a breach of the ordinance and fixing the amount of his fine at $25. Judgment was rendered upon the verdict and Spangler appealed.

In the view we take of the case it is only necessary to discuss one point and that is whether or not the alleged ordinance, under which the conviction was had, was valid. The ordinance in question was numbered 96 and in substance provided that the keeping of any stallion or jack for service in the territory in said city bounded by certain streets and within seventy-five feet of any residence in said city, without the consent of the property owner, occupant or agent thereof, should be a nuisance and that any person violating such provision should, upon conviction, be fined not less than $25 nor more than $100 for each offense.

The ordinance in question was passed by the city council on the 20th day of September, 1906. There was no regular meeting of such city council within five days after September 20, and no such meeting took place after that date until the 17th day of October, 1906. The mayor of said city did not approve said ordinance, nor did he within five days after its passage file any objections thereto or veto the same. The ordinance was published on the 28th day of September, 1906.

Appellant contends that the ordinance in dispute never became operative and valid and therefore no conviction can be had under it. Section 46 of chapter 24 of the Revised Statutes provides that all ordinances passed by the city council shall, before they take effect, be deposited in the office of the city clerk; and if the mayor approves thereof, he shall sign the same,

and such as he shall not aprove he shall return to the council with his objections thereto in writing, at the next regular meeting of the council occurring not less than five days after the passage thereof. But in case the mayor shall fail to return any ordinance with his objections thereto, by the time aforesaid, he shall be deemed to have approved such ordinance and the same shall take effect accordingly.

Appellee, in its brief, insists that the disputed ordinance became operative at the end of five days from its passage, since the mayor did not veto the same or file any objections thereto, notwithstanding the fact that there was no regular meeting of the city council after the passage of such ordinance and prior to the 17th day of October, 1906; the claim being that if the mayor retain an ordinance more than five days after the same is presented for his approval, by reason of that fact alone, it becomes valid, the same as though approved and signed by him.

This is a misconception of the meaning and force of such section 46. The mayor has, in any event, at least five days in which to determine whether he will approve or veto an ordinance. King v. City of Chicago, 111 Ill. 63. And he is not required to exercise his prerogative until the first regular meeting of such city council after the expiration of the five days. City of Chicago v. Stratton, 162 Ill. 494.

This seems to be the only reasonable construction to be given to the statute involved, as in such view the mayor is not obliged to act hastily or ill-advisedly, but has at least five days in which to determine whether he will approve or veto an ordinance after it is deposited with the city clerk. In the case at bar the mayor did not have to act upon the ordinance in question until October 17, 1906, and as he did not approve the ordinance, its publication on the 28th day of September was of no force.

The ordinance in question was not in force at the

time of the commission of the alleged offense, and the conviction under it cannot be maintained.

The judgment is reversed, but the cause is not remanded.

*                                    *Reversed.*